MISSISSIPPI STATE HIGHWAY DEPT., et al. *v.* BETHLEHEM BAPTIST CHURCH

No. 40575          December 16, 1957          99 So. 2d 221

*Blass & Parsons,* Wiggins; *Matthew Harper, Asst. Atty. Gen.,* Jackson, for appellant.

*Cephus Anderson,* Hattiesburg, for appellee.

ARRINGTON, J.

On March 22, 1955, the Bethlehem Baptist Church brought this suit in the Circuit Court of Stone County against the State Highway Commission for damages alleging trespass and the taking of Church property. The jury returned a verdict in the amount of $400 and from this judgment, the Highway Commission appeals.

The Highway Commission answered, and as an affirmative defense, plead that the appellee Church had conveyed the land in question by warranty deed to the Highway Commission on March 27, 1952 for a consideration of $1600, less the Federal Stamp Tax of $2.20. The instrument was duly recorded in the deed records of Stone County on April 14, 1952. The deed and cancelled check were introduced in evidence.

The appellee introduced in evidence the Minute Book of the Church. These Minutes show that although the Church rejected an offer of $1500, a motion was passed asking for the amount of $2500. The Minutes further show that the Church received the consideration expressed in the deed for the land. The cancelled check was properly endorsed by the officers of the Church and deposited in the Bank of Wiggins to the credit of Bethlehem Baptist Church. The minutes also show that the Church "allowed Welcome Hill Baptist Church $20.00 allowance on the pool" located on the property which

was "sold to the highway". The minutes also show that the Church made other disbursements from the funds received from the sale of the land.

This case comes within the rule announced in the case of Crabb, et al v. Wilkinson, et al, 202 Miss. 274, 32 So. 2d 356, where the Court quoted with approval 12 C. J. S., Cancellation of Instruments, Section 38:

" 'Where a party, with knowledge of facts entitling him to rescission of a contract or conveyance, afterward, without fraud or duress, ratifies the same, he has no claim to the relief of cancellation. An express ratification is not required in order thus to defeat his remedy; and acts of recognition of the contract as subsisting or any conduct inconsistent with an intention of avoiding it, have the effect of an election to affirm.' "

The court erred in refusing the requested peremptory instruction by the appellant, the Church having ratified the sale. The judgment of the court below is reversed and judgment entered here for appellant.

Reversed and judgment here for appellant.

*McGehee, C, J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.